LARRY AND KAREN RIGBY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rigby v. Commissioner
Docket No. 2318-81.
United States Tax Court
T.C. Memo 1983-306; 1983 Tax Ct. Memo LEXIS 481; 46 T.C.M. (CCH) 305; T.C.M. (RIA) 83306; May 31, 1983. Larry Rigby, pro se. Carmen J. Santamaria and David M. Kirsch, for the respondent. SHIELDS
MEMORANDUM FINDINGS OF FACT AND OPINION SHIELDS, Judge: Respondent determined deficiencies in and additions to petitioner Larry Rigby's Federal income tax as follows: Additions to Tax, 1954 Code [1]
Year
Deficiency
Sec. 6651(a)
Sec. 6651(a)(2)
1970
$1,739.58
1971
665.18
1972
11,548.44
1973
2,648,45
662.11
1974
3,022.41
755.60
1975
3,144.67
786.17
1976
3,380.70
845.18
1977
2,090.00
470.25
313.50
1978
2,413.00
542.92
217.17
Year
Sec. 6653(a)
Sec. 6653(b)
Sec. 6654
1970
$869.79
$55.53
1971
327.59
20.92
1972
5,774.22
368.66
1973
132.42
84.55
1974
151.12
96.49
1975
157.23
135.79
1976
169.03
125.90
1977
104.50
74.00
1978
120.65
77.00
*482 Respondent determined deficiencies in and additions to petitioner Karen Rigby's Federal income tax as follows: Additions to Tax, 1954 Code
Year
Deficiency
Sec. 6651(a)
Sec. 6651(a)(2)
1970
$1,201.38
$300.35
1971
162.20
40.55
1972
10,873.44
2,718.36
1973
1,784.45
446.11
1974
1,979.61
494.90
1975
2,030.77
507.69
1976
2,172.00
543.00
1977
824.00
185.40
123.60
1978
989.00
222.52
89.01
Year
Sec. 6653(a)
Sec. 6653(b)
Sec. 6654
1970
$38.35
1971
5.18
1972
347.11
1973
89.22
56.96
1974
98.98
63.20
1975
101.54
87.69
1976
108.60
80.89
1977
41.20
29.00
1978
49.45
32.00
At trial, Karen Rigby did not appear in person or by counsel and consequently no attempt was made by her to prosecute her case. Larry Rigby appeared in person and testified with respect to the years 1970 through 1972. However, he refused to put on any proof with respect to the years 1973 through 1978. He stated that to do so would violate his constitutional rights under the Fifth Amendment unless he was granted immunity from prosecution. He was advised by the Court that no grant of immunity *483 could be made and, at the request of the Court, counsel for the respondent assured him that he was not then the subject of a criminal investigation and to counsel's knowledge no such investigation was contemplated by the respondent. In response to further questions by the Court Mr. Rigby stated that he did not know of any criminal investigation which was being made of him and that he had no reason to believe that one would be made.He summed up his position in this respect as being "I have been stuck by the Government twice. I am naturally very flighty about it." He was advised by the Court that his claim of immunity under the Fifth Amendment did not relieve him of his burden of going forward with evidence to show that the respondent's determination with respect to the years 1973 through 1978 was incorrect. Roberts v. Commissioner,62 T.C. 834 (1974). He again refused to proceed with his proof and at that point counsel for the respondent made an oral motion to dismiss the petition for failure to prosecute insofar as it relates to the years 1973 through 1978. The Court indicated that the motion would be granted which left only the deficiencies and additions to tax *484 for the years 1970 through 1972 to be tried. Thereupon, counsel for the respondent announced that he was abandoning the additions to tax asserted under section 6653(b) with respect to the years 1970, 1971 and 1972. Consequently, the issues remaining for our decision are: (1) whether the petitioners have substantiated business expenses for the years 1970, 1971 and 1972 in excess of the amounts determined by the respondent; and (2) whether petitioners are liable for the addition to tax under section 6654 for each of such years. None of the facts in this case were stipulated because of the refusal of the petitioners to discuss possible stipulations with counsel for the respondent. As a result, the transcript is very brief and the record as a whole is almost nonexistent. Therefore we will incorporate our findings of fact with our opinion. OPINION The petitioners Larry Rigby and Karen Rigby are husband and wife. They lived in Idaho when their petition was filed.Since Karen Rigby did not appear at trial, any reference to petitioner in the singular shall mean Larry Rigby. Neither petitioner filed income tax returns for any of the years in issue. During the years 1970, 1971 *485 and 1972, Larry Rigby was a building contractor. From an analysis of bank deposits and cancelled checks, the respondent determined that with respect to this business, Mr. Rigby had during the years in dispute gross income, business expenses, and net income as follows: Taxable Year
Gross Income
Business Expense
Net Income
1970
$528,168.90
$509,109.84
$19,059.06
1971
364,133.84
357,560.78
6,573.06
1972
389,380.04
324,968.65
64,411.39
Inasmuch as Idaho is a community property state, one half of the net income as determined by the respondent was attributed to Mr. Rigby and the other one half to Mrs. Rigby. Mr. Rigby does not question the determination made by the respondent of the business gross income. He contends, however, that his business expenses for the three years were in the respective amounts of $576,259, $379,776.37, and $338,681 while his business income was in the respective amounts of $574,311, $379,342, and $336,795. Since his calculation of the business expense in each year exceeds the gross income which he contends that he had, Mr. Rigby concludes that neither he nor his wife had any taxable income from the business for the years *486 in dispute. The deduction of business expenses like any other deduction is a matter of legislative grace and the petitioners have the burden of proving that the respondent's determinations are incorrect. New Colonial Life v. Helvering,292 U.S. 435 (1934); Rule 142. [2] In an attempt to substantiate his calculation of the business expenses, Mr. Rigby introduced handwritten lists or schedules containing the names of payees and the dollar amounts which he stated were paid by him as business expenses during the years in issue. He testified that the lists were prepared by himself in part and in part by his daughter under his supervision from check stubs which he had in his possession but which were not introduced at the trial. Unfortunately, the lists or schedules do not identify the purpose for which any of the alleged amounts were paid. Furthermore, many of the payees are identified only by initials, such as "B.P.", "R.B.", "L.R.", and "K.S." With one exception the petitioner refused to identify the payees represented by the initials. The petitioner also failed to establish what business connection the listed payees had with the building contracting business. *487 Moreover, the petitioner did not demonstrate how his list of expenses differed from the expenses allowed by the respondent in his computation. During the trial Mr. Rigby repeatedly alluded to the fact that the respondent had copies of his checks and that the copies of these checks should prove to the respondent that he and his wife were entitled to business deductions in addition to those allowed by the respondent.He continued to do so even though he was made aware of the fact that the trial in this Court was a trial de novo and that he could not rely upon any evidence which he had already furnished to the respondent prior to the trial or which the respondent had obtained during the investigation. This problem could have been eliminated in whole or in part by a minimum of cooperation by the petitioner with respondent's counsel prior to trial. In view of the foregoing, it is apparent that without more specific evidence in the record we are unable to conclude that the petitioners have satisfied their burden of proof with respect to the business deductions. Consequently, we must sustain the respondent's *488 determination with respect to this item. The petitioners also have the burden of proving that the respondent erroneously determined that they were liable for the addition to tax under section 6654. With respect to this issue they have presented no evidence or even argument except to deny their liability in the petition. In the absence of any evidence, the respondent's determination with respect to this mandatory addition to tax is presumed to be correct and will be sustained. Welch v. Helvering,290 U.S. 111 (1933). For the reasons set forth hereinbefore, an order will be entered granting the respondent's motion to dismiss the petition with respect to the years 1973 through 1978 for failure to properly prosecute. With respect to the years 1970 through 1972, a decision will be entered sustaining the respondent's determination of the deficiencies as well as the additions to tax under section 6654. Because of concessions with respect to the years 1970 through 1972, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended during the years in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩